STEPHENS *v.* GRAD.

(Decided March 18, 1929.)

*Mr. C. E. Frey* and *Messrs. Bolsinger & Black,* for plaintiff in error.

*Messrs. Ratterman & Cowell,* for defendant in error.

HAMILTON, J. Plaintiff in error, George Stephens, who was plaintiff below, brought suit against the defendant in error, Blanche Grad, defendant below, for personal injuries claimed to have been suffered on the premises of the defendant while a visitor at the home of a tenant of the defendant, who occupied the second floor of the premises.

The defendant, before trial, moved for judgment on the pleadings, and later challenged the sufficiency of the petition on the ground that it did not state a cause of action. This point will be considered first.

The allegation of negligence set forth in the amended petition is "that upon said premises, as part of said building, is a passage way, constructed on the side of said building, for the use of persons in said building, said passageway, leading from the

street to flight of steps that provided access to and for the tenant on second floor of said building; that said defendant had negligently and carelessly permitted the said passage way leading from the street to the hall of the approach to the tenants of the defendant's rooms to become out of repair, and the same were then and there in a dangerous condition, in this, to wit, that the passage was so negligently constructed and carelessly managed, that it was so narrow and not provided with guard or rail, that it was unsafe and dangerous for tenant of said defendant and for the plaintiff to use. That said plaintiff had no knowledge of said unsecure and dangerous condition of said passage way, whereas the said defendant well knew the dangerous condition of said passage way.''

The question is: Does the above allege a violation of any duty owing to this plaintiff by the defendant which amounted to negligence?

The allegation of negligent construction is not a statement of fact bearing on the charge of permitting the passageway to become out of repair. We take it the reasonable reading of the allegation charges negligent construction. The allegation amounts to this, that the construction of a narrow passageway, along the premises leading to the rear, and not providing the same with a guard or rail, creates an unsafe and dangerous condition, and violates a duty owing by the defendant to the plaintiff, who was a licensee on the premises. We know of no law or any decision so holding. There is no allegation of any pitfalls, hidden dangers, or obstructions.

We are of opinion that the court should have sustained the motion for judgment and the objection to the petition and dismissed the case.

However, if the allegation should be construed as charging negligence in permitting the passageway to become out of repair, it is sufficient to say that there is no evidence whatsoever of the passageway being out of repair.

At the close of plaintiff's evidence, the court granted the motion of the defendant for an instructed verdict. In passing on the motion, the trial court said: "This evidence raises an inference of negligence on the part of the plaintiff and in the absence of any evidence tending to refute or remove such inference of negligence on the part of the plaintiff, the court as a matter of law is required to direct a verdict for the defendant."

If the granting of the motion for an instructed verdict was to be supported alone on the reasons stated by the trial judge, as above quoted, the case would have to be reversed. The Supreme Court has announced the rule that where the plaintiff's evidence raises a *presumption* of negligence on the part of the plaintiff, it is the duty of the plaintiff to remove that presumption. But it is not for the court to determine as a matter of law whether such presumption has been raised or removed. This is the function of the jury. However, the reading of the record discloses no violation of duty on the part of the defendant owing to the plaintiff, which would constitute negligence.

For the reason that there was a total failure of proof, and for the further reason that the petition failed to state a cause of action, the judgment will be affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.